David L. Mazaroli (DM-3929)
Attorney for Plaintiffs
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
*e-mail: dlm@mazarolilaw.com*
----------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| AMKOR TECHNOLOGY SINGAPORE PTE. and subrogated cargo insurer, | : | ECF CASE |
| Plaintiffs, | : | 07 Civ. 6298(DAB) |
| - against - | : | **COMPLAINT** |
| NIPPON EXPRESS USA, INC.; | : |  |
| Defendant. | : |  |

----------------------------------------------------------------x

     Plaintiffs, through their undersigned attorney, allege as follows for their complaint against defendant:

     1.    Plaintiff Amkor Technology Singapore Pte. is a corporation organized under the laws of a foreign sovereign and sues herein as the consignee and owner of the cargo in suit. This action is also brought on behalf of the subrogated cargo insurer of the cargo, American Home Assurance Co., as its interests appear.

     2.    Defendant is believed to be New York corporation with its principal place of business at 590 Madison Avenue, New York, NY.

     3.    This Court has jurisdiction over the person of the defendant, who conducts business in the State of New York.

## FIRST CAUSE OF ACTION

4.      Plaintiffs repeat and reallege the allegations in paragraphs 1 through 3 of this complaint.

5.      This Court has federal question subject matter jurisdiction pursuant to 28 USCA 1331.  There is also ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

6.      This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934) reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto in effect in the country of origin and destination at the time of shipment. Alternatively, this cause of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention").

7.      This action involves damage and loss to a shipment of automated test equipment which moved by air from Portland, Oregon, to Singapore as described more fully in Nippon Express USA, Inc. air waybill NEU-5840-0462 dated on or about July 1, 2005, and others.

8.      Said damage and loss was the result of defendant's fault, wanton neglect, and willful misconduct in that defendant, its agents, servants, connecting carriers, subcontractors, terminal operators, warehousemen and employees failed to properly receive, handle, carry, protect, and care for the cargo in question and in that defendant

had no proper and effective procedures to receive, handle, carry, protect and care for the cargo.

9.     By reason of the aforesaid plaintiffs, and those on whose behalf they sue, have sustained damages in the amount of SGD131,683.61, no part of which has been paid although duly demanded.

10.     Plaintiffs sue herein on their own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

SECOND CAUSE OF ACTION

11.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 10 of this complaint.

12.     When the cargo was received into the care, custody and control of defendants, or entities acting on their behalf, the cargo was in good order and condition. However, defendant failed to make delivery of the cargo at the intended destination in the same order and condition. Instead, the cargo was in damaged and depreciated condition which rendered it unfit for its intended purpose.

13.     Therefore, defendant, as common carrier, bailee, forwarder, and/or warehouseman, is liable to plaintiffs for the claimed damage and loss to the cargo in suit.

WHEREFORE, plaintiffs demand judgment against defendant:

(a)     for the sum of SGD131,683.61;

(b)     for prejudgment interest at the rate of 9% per annum;

(c)     for the costs and disbursements of this action;

(d)     for such other and further relief as this Court deems proper and just.

Dated:  New York, New York
        June ___, 2007

                                    LAW OFFICES,
                                    DAVID L. MAZAROLI

                                        *s/David L. Mazaroli*
                                    _____
                                    David L. Mazaroli (DM 3929)
                                    Attorney for Plaintiffs
                                    11 Park Place - Suite 1214
                                    New York, New York 10007
                                    Tel.: (212)267-8480
                                    Fax.: (212)732-7352
                                    E-mail: dlm@mazarolilaw.com
                                    File No.: 6WEC-1371